Robert E. Di Nardo, Esq. Town Attorney, Hamptonburgh
You have asked whether a person may serve simultaneously as a town superintendent of highways and as a member of a town board of zoning appeals.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The zoning board of appeals has responsibility for determining appeals of zoning enforcement decisions made by town officials and also determines applications for variances and special permits (Town Law, § 267). Generally, the superintendent of highways is responsible for the repair and maintenance of town highways and bridges (Highway Law, §§ 140,239).
In our view, neither of these two positions is subordinate to the other nor is there any apparent conflict between the duties of the two positions. You indicate in your letter that the zoning board of appeals will on occasion solicit opinions from the town superintendent of highways with respect to a matter before the board of appeals. For example, the board requests information from the town superintendent of highways with respect to applications for variances and regarding the accessibility of private roads. The provision of information by the town superintendent of highways in this context would appear to complement the duties of the members of the zoning board of appeals. The superintendent would be providing the board of appeals with information needed for the exercise of its jurisdiction to determine appeals of zoning decisions and to consider applications for variances and special permits. If, however, a situation arises in which this person cannot serve in both capacities without bias or without an appearance of a conflict of interest, he should recuse himself from participating in the duties of one of the positions. Since such a conflict is neither inevitable nor substantial, when compared to the overall functions and duties of a zoning board of appeals and a superintendent of highways, recusal is an appropriate response to such a conflict.
We conclude that the positions of member of a town zoning board of appeals and town superintendent of highways are compatible.